UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES VAN WINKLE, Individually, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CASE NO. _____ |
| | § | |
| BRINKER TEXAS, INC., | § | |
| a Delaware Corporation | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
### *(Injunctive Relief and Damages Demanded)*

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, JAMES VAN WINKLE, on his behalf and on behalf of all other mobility-impaired individuals similarly-situated ("Plaintiff"), and hereby sues the Defendant, BRINKER TEXAS, INC, a Delaware Corporation, ("Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and for declaratory relief and damages pursuant to the Texas Human Resources Code, Section 121.003, *et seq.*

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS
## WITH DISABILITIES ACT 42 U.S.C. § 12181, *et seq.*

### I.  PARTIES

1.    Plaintiff, JAMES VAN WINKLE, is an individual residing in Conroe, TX, in the County of Montgomery.

2.    Defendant's property, Chili's #0032, located at 20070 Highway 59 N, Humble, TX 77338, in the County of Harris.

1

## II.   JURISDICTION AND VENUE

3.      This Court has original jurisdiction in this action.  This Court has been given

original jurisdiction over actions arising from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See, also*, 28 U.S.C. § 2201 and

§ 2202.

4.      This Court has supplemental jurisdiction over Plaintiff's State Court claim,

pursuant to 28 U.S.C. § 1367.

5.      Venue is properly in the United States District Court for the Southern District of

Texas because venue lies in the judicial district of the property situs.  The Defendant's property

is located in the Southern District of Texas and the Defendant conducts business within this

judicial district.

## III.  THE PARTIES AND STANDING

6.      Plaintiff JAMES VAN WINKLE is sui juris and qualifies as an individual with

disabilities as defined by the ADA.  Mr. Van Winkle sustained a spinal cord injury and uses a

wheelchair to ambulate.    While at the Defendant's property, the Plaintiff encountered

architectural barriers that endangered his safety.  JAMES VAN WINKLE has visited the

property which forms the basis of this lawsuit on numerous occasions, and plans to return to the

property in the near future to avail him of the goods and services offered to the public at the

property.

7.      The Defendant has discriminated against the individual Plaintiff by denying him

access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages

and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

8.      Defendant owns; or leases; or leases to; or operates a place of public

2

accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Chili's #0032, and is located at 20070 Highway 59 N, Humble, TX 77338, in the County of Harris.

9.      JAMES VAN WINKLE has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. JAMES VAN WINKLE desires to visit Chili's #0032, not only to avail himself of the goods and services available at the property but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

10.      The Defendant has discriminated against the individual Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

### IV.  THE INSTANT CLAIM

11.      The Defendant has discriminated and is continuing to discriminate against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Chili's #0032 has shown that violations exist. These violations personally encountered or observed by Mr. Van Winkle include, but are not limited to:

A.   **Access to Goods and Services**

1).   The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

B.   **Public Restrooms - Men's Restroom**

1)   The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG, whose resolution is readily achievable.

2)   The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained in violation of Sections 4.19 and 36.211 of the ADAAG, whose resolution is readily achievable.

3)   The plaintiff had difficulty using the flush valve on the urinal as it was mounted too high. Violation: The flush control on the urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG, whose resolution is readily achievable.

4)   The plaintiff had difficulty using the urinal as it was mounted too high. Violation: There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG, whose resolution is readily achievable.

5)   The plaintiff had difficulty using the toilet without assistance as it was mounted too far from the wall. Violation: The water closets are mounted at a non-compliant distance from the wall in violation of Section 4.16.2 of the ADAAG, whose resolution is readily achievable.

6)   The plaintiff could not use the grab bars without assistance as the toilet paper dispenser is mounted over the side grab bar obstructing its use. Violation: There are items mounted over the grab bars obstructing their use and in violation of Section 4.17 of the ADAAG, whose resolution is readily achievable.

7)   The plaintiff had difficulty transferring to the toilet because the

4

required rear grab bar was not provided. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG, whose resolution is readily achievable.

8)    The plaintiff could not use the toilet stall without assistance as the required turning space is not provided: Violation: The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG, whose resolution is readily achievable.

9)    The plaintiff could not exit the restroom without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

10)   There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG, whose resolution is readily achievable.

12.    All of the foregoing violations are violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 ADA Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

13.    The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

14.    The individual Plaintiff, and all other individuals similarly-situated have been denied access to, and have been denied the benefits of services, programs and activities of, the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In

order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

15.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. 36.302 *et seq.* Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993 as defined in 28 C.F.R. 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17.     Appendix A to Part 36 - Standards for Accessible Design (28 C.F.R. Part 36, App. A) sets out guidelines for accessibility for buildings and facilities.  These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

18.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

19.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

20.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction.

21.     Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff Injunctive Relief including an order to alter Chili's #0032 to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

A.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*

B.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF TEXAS STATE LAW AGAINST DISCRIMINATION

22.     Plaintiff re-alleges and re-avers all prior allegations of this Complaint, as if fully contained herein.

23.     Section 121.003 of the Texas Human Resources Code prohibits discrimination on the basis of disability.  Such discrimination includes, *inter alia*:  refusing to allow a person with a disability the use of or admittance to a public facility;  failing to comply with the requirements of the Texas Architectural Barriers Act (recodified at Tex. Gov't. Code § 469.001, *et seq.* as Elimination of Architectural Barriers);  failing to make reasonable accommodations in policies, practices and procedures;  or failing to provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility.

8

24.     The facility owned and/or operated by Defendant is a "public facility" per the definition contained in Section 121.002(5) of the Texas Human Resources Code.

25.     Section 121.004 of the Texas Human Resources Code provides that any person, firm, association, corporation, or other organization that violates the provisions of Section 121.003 is deemed to have deprived a person with a disability of his or her civil liberties.

26.     Section 121.004 of the Texas Human Resources Code further provides that a person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction and conclusively presumes damages in the amount of at least $300.00.

27.     Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the subject property in derogation of the Texas Human Resources Code § 121.003.

28.     The Plaintiff has been unable to and continues to be unable to fully and safely enjoy the benefits of the goods and services offered at the subject property, in violation of the ADA and the Texas Architectural Barriers Act.

29.     Defendant is in violation of the Texas Architectural Barriers Act (Tex. Gov't Code § 469, *et. seq.*) and is discriminating against the Plaintiff as set forth herein.

30.     As a result of the aforementioned discrimination, Plaintiff James Van Winkle has sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the ADA and the Texas Architectural Barriers Act.

**WHEREFORE,** the Plaintiff demands judgment against Defendant as follows:

A.     That the Court declare that the property owned and administered by Defendant is violative of Texas Human Resources Code § 121.003;

B.     That the Court award compensatory damages to Plaintiff in such an amount as the Court deems just and proper;

C.     That costs be taxed to Defendant; and

D.     That the Court award such other and further relief as it deems necessary, just and proper.

Dated: ___3/18/16___, 2016          Respectfully submitted,

_____
Abraham Levit, Esq., Attorney in Charge
ABRAHAM LEVIT, ATTORNEY AT LAW
Texas Bar No. 12258700
Southern District of Texas Bar No. 4925
1001 West Loop South, Suite 880
Houston, TX 77027
(713) 888-0711 – telephone
(281) 652-5822 – facsimile
alevitatty@gmail.com


John P. Fuller, Esq., Attorney in Charge
FULLER, FULLER & ASSOCIATES, P.A.
FL Bar No. 0276847
Southern District of Texas Bar No. 578081
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199 - telephone
(305) 893-9505 - facsimile
jpf@fullerfuller.com
*Attorneys for Plaintiff*

#4880-TX 3708 chili's #0032. Complaint (lkg 1-21-16)